FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 20 AM 9: 51

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MAURICIO CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 304-22 |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants in this action filed by plaintiff under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), have submitted a motion for summary judgment. Doc. 42. Plaintiff did not file a timely response to the motion. On June 22, 2005, the Court issued an Order directing plaintiff to submit a response to the summary judgment motion and advising him of the consequences of his failure to respond. Plaintiff still did not file a response. Doc. 45. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED**, that judgment be **ENTERED** in favor of defendants, and that this civil action be **CLOSED**.

### I. BACKGROUND

Because plaintiff has not responded to defendants' motion for summary judgment or

the statement of facts contained therein, the Court accepts defendants' factual allegations as true. Fed. R. Civ. P. 56. Plaintiff, a Hindu prisoner incarcerated at McRae Correctional Facility, alleged in his complaint that defendants deprived him of his right to religious freedom by failing to provide various equipment and supplies for religious services, conspiring to deny him access to special religious service programs, and refusing to provide for him a kosher diet. Plaintiff also alleged that he suffers from an inguinal hernia, and that defendants have been deliberately indifferent to his serious medical needs. Compl. 5-6.

Plaintiff filed a grievance on August 19, 2003, concerning the failure of the prison to provide numerous items that he contends are necessary for the practice of Hinduism. Prison officials informed plaintiff in response to the grievance that many of the items were available through the prison chaplain, but that some items could not be purchased due to budgetary constraints. Def. Ex. A ¶ 4, 5, Ex. K. The prison provides religious service programs under guidelines mandated by the Federal Bureau of Prisons, and those programs are available to all inmates. Def. Ex. A, ¶ 7. Plaintiff's grievance concerning kosher meals was rejected because Hinduism does not require a kosher diet and because Hindu dietary requirements can be met through the prison's "main line" diet. Ex. A ¶ 6, Ex. B ¶ 4.

On December 30, 2003, plaintiff filed a grievance alleging that defendants had denied him surgery for an inguinal hernia. Def. Ex. I. Prison policy governing medical necessities classified surgery for plaintiff's condition as medically acceptable, but not medically necessary. The request for surgery was denied accordingly. Plaintiff presented no alternative medical opinion that would indicate the necessity of surgery. Def. Ex. J, Ex. I.

2

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[1] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the <u>non-moving</u> party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the

---

[1] For purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party meets its burden, the non-moving party must then "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. ANALYSIS

#### A. Religious Claims

Plaintiff contends in his complaint that defendants deprived him of his right to free religious practice by not providing various items that he claims are necessary to his practice of religion, by failing to hold religious services for Hindus, and by not providing kosher meal service. Defendants, in their summary judgment motion, indicate that many of the religious items sought by plaintiff were available to him through the prison chaplain and other items were not obtained by the prison because of cost concerns, that religious services are available to Hindus, and that meals that conform to Hindu standards are available to all prisoners.

4

In order to succeed in a claim of deprivation of the right to free religious practice, a plaintiff "must first demonstrate to the trial court the deprivation of a right either by (1) deliberate discrimination, or by (2) even handed application of an inherently discriminatory rule." Walker v. Blackwell, 411 F.2d 23, 25 (5th Cir. 1969). "[A]llegations of state interference with religious practices not facially idiosyncratic state a claim under the First Amendment that can only be defeated if the state demonstrates a 'substantial and compelling interest' justifying the regulation." Id. at 26. Such a substantial and compelling interest may involve security or financial concerns within a prison. Id.; accord Cochran v. Sielaff, 405 F. Supp. 1126, 1128 (S.D. Ill. 1976).

In this case, contrary to the allegations of plaintiff's complaint, religious services are available to all prisoners of all religions and kosher meals are not required in Hinduism. With regard to religious items requested by plaintiff that the prison did not acquire, most of which were religious audio and video tapes, defendants contend that budgetary constraints prevented the acquisition of those items. The Court finds such a concern sufficiently compelling to warrant the prison's decision not to purchase the items. Accordingly, plaintiff's complaints regarding the practice of his religion are without merit, and defendants' motion for summary judgment should be granted on these grounds.

**B. Medical Claims**

Plaintiff also contends in his complaint that he suffered from an inguinal hernia and that defendants' failure to provide surgery for the hernia amounted to a deliberate indifference to his serious medical need. Defendants' argue that, while plaintiff did suffer

5

from an inguinal hernia, the hernia was not sufficiently serious to require surgery.

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting objective test and adopting subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court concluded that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

In order to succeed in a medical indifference claim, a plaintiff must satisfy both objective and a subjective components of the deliberate indifference standard. Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). To satisfy the objective component, a plaintiff must show that his medical need is serious, or that the need "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the need for a doctor's attention." Id. at 1187. For the subjective component, a plaintiff must show that the defendant possessed "knowledge of the need for medical care" and displayed "the intentional refusal to provide that care." Id. at 1186.

Plaintiff here has satisfied neither the objective nor the subjective component of the deliberate indifference standard. He has not shown that his hernia required surgical repair, nor has he shown that any defendant in this case deliberately refused to provide necessary medical care. As such, plaintiff's medical indifference claim lacks merit.

## IV. CONCLUSION

For the reasons stated above, defendants' summary judgment motion, to which no response was filed, should be **GRANTED**. This civil action should accordingly be **CLOSED** and judgment **ENTERED** in favor of defendants.

SO REPORTED and RECOMMENDED this ___ day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7